## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:16-CV-092-GCM-DCK

| | |
|---|---|
| MICHAEL WAYNE WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary

Judgment…" (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document

No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§636(b)(1)(B). After careful consideration of the written arguments, the administrative record,

and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For

Summary Judgment…" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>denied</u>;

and that the Commissioner's decision be <u>vacated</u>.

## I. BACKGROUND

Plaintiff Michael Wayne Webb ("Plaintiff"), through counsel, seeks judicial review of an

unfavorable administrative decision on his application for disability benefits. (Document No. 1).

On or about March 17, 2014, Plaintiff filed applications for a period of disability and disability

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn Colvin as Defendant in this matter. <u>See</u> Fed.R.Civ.P. 25(d); <u>see also</u> 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning February 1, 2011. (Transcript of the Record of Proceedings ("Tr.") 37, 280-286, 287-292). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 4, 2014, and again after reconsideration on February 12, 2015. (Tr. 37, 190, 196, 204, 211). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 204, 208).

Plaintiff filed a timely written request for a hearing on March 3, 2015. (Tr. 37, 227-228). On October 22, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Clinton C. Hicks (the "ALJ"). (Tr. 37, 54-101). In addition, Kathryn H. Mooney, a vocational expert ("VE"), and Chad F. Brown, Plaintiff's attorney, appeared at the hearing. Id. At the hearing, Plaintiff amended his alleged disability onset date to February 1, 2014. (Tr. 37, 58-59).

The ALJ issued an unfavorable decision on December 24, 2015, denying Plaintiff's claim. (Tr. 34-48). On January 27, 2016, Plaintiff filed a request for review of the ALJ's decision which was denied by the Appeals Council on April 12, 2016. (Tr. 1-4, 15). The December 24, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 6, 2016. (Document No. 1). On July 1, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment…" (Document No. 11) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed October 28, 2016; and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 14) were filed December 12, 2016. Plaintiff declined to file a response/reply brief and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between February 1, 2014, and the date of his decision.[2] (Tr. 37, 48). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(1)     whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2)     whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)     whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy.  Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 47).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since February 1, 2014, his amended alleged disability onset date.  (Tr. 40).  At the second step, the ALJ found that degenerative disc disease, fibromyalgia, depression, and learning disorder, were severe impairments.[3]  Id.  At the third step, the ALJ determined that Plaintiff did not have an

---

[3]  The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

impairment or combination of impairments that met or medically equaled one of the impairments

listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 41). The ALJ opined that:

> **With regard to concentration, persistence or pace, the claimant has moderate difficulties**. He has a history of learning difficulties with only a sixth grade education (Exhibit 5F/3). Upon intelligence testing, he scored a Full Scale IQ of 68, which is classified to be in the extremely low range of cognitive ability (Exhibit 5F/5). **He also described difficulties with concentration and "pacing" which results in frequent failure to complete tasks in a timely manner** (Exhibit 5F/4).

(Tr. 42) (emphasis added).

The ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light

work, with the following limitations:

> he is limited to frequent, but not constant, reaching, fingering and handling using the left upper extremity; no overhead lifting of weight greater than 10 pounds with left upper extremity; he is right-hand dominant; he reads at an elementary level; and he is limited to simple, routine tasks with no more than occasional public interaction.

(Tr. 43). In making his finding, the ALJ specifically stated that he "considered all symptoms and

the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs

96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work.

(Tr. 46). At the fifth and final step, the ALJ concluded based on the testimony of the VE and

"considering the claimant's age, education, work experience, and residual functional capacity" that

jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 47).

Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant

could perform included glue machine operator (DOT#: 641.685-014; assembly machine tender

(DOT#: 754.685-014; and potato chip sorter (DOT#: 526.687-010). (Tr. 47). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between February 1, 2014, and the date of his decision, December 24, 2015. (Tr. 47-48).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly account for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding; (2) the ALJ failed to identify Plaintiff's ankylosing spondylitis as a severe impairment; (3) the ALJ failed to properly consider the opinion of Dr. Coleman; (4) the ALJ failure to perform function-by-function analysis of the medical opinions; and (5) the ALJ failed to properly evaluate Plaintiff's adaptive functioning in his 12.05(C) analysis. (Document No. 12, p.5). In this case, the undersigned finds that Plaintiff's first assignment of error provides sufficient cause for remand.

**First Assignment of Error - Mental RFC**

In his first assignment of error, Plaintiff contends that the ALJ's RFC limitation to "simple, routine tasks" does not address his moderate limitation in concentration, persistence and/or pace. (Document No. 12, p.6) (citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)). Plaintiff acknowledges that the RFC did include a restriction of "no more than occasional public interaction," but notes that it did *not* include any restriction such as to a "non-production pace" or in a "stable work environment," that might have addressed his moderate difficulties with concentration, persistence, and/or pace. (Document No. 12, pp.7-8).

Plaintiff argues that, as in Mascio, a restriction to "simple, routine tasks" does not adequately address an ability to stay on task or account for limitations in concentration, persistence, and pace. (Document No. 12, p.8) (citing Mascio, 780 F.3d at 638). Plaintiff also contends that "the record provides evidence to support a need for specific restrictions and/or

limitations in his RFC regarding difficulty with concentration, with persistence and especially pace. (Document No. 12, p.10). Plaintiff notes that he had an extremely low score on a subtest that evaluated his "ability to perform a mental operation quickly," and that psychological consultative examiner, Johnny L. Kirby, Jr., M.A., C.A.S. ("Kirby") "concluded that the exam 'indicated that Mr. Webb could expect to experience difficulty in understanding, retaining and following instructions.'" Id. (quoting Tr. 547-48).

Plaintiff concludes that the ALJ's failure to offer any explanation of how the RFC would account for his ability to stay on task, indicates that the ALJ decision is not supported by substantial evidence, and therefore, remand is appropriate. (Document No. 12, pp.9-10).

In response, Defendant asserts that Mascio is not applicable here because there is no "unaddressed or conflicting evidence about Plaintiff's mental functioning." (Document No. 14, p.6). Defendant contends that the reference to difficulties in concentration and pacing arise from Plaintiff's own subjective allegations, which the ALJ found unreliable. Id. (citing Tr. 44, 545). Defendant also suggests that although the ALJ found that Plaintiff cannot perform his past relevant work, he has sufficient concentration and performance to perform unskilled jobs because he previously worked in the manufacturing sector and as a truck driver. Id. (citing Tr. 42).

Defendant goes on to assert that "[n]otably, Dr. Kirby stated that he saw no problems with Plaintiff's attention or concentration during his evaluation." Id. (citing Tr. 548). However, the undersigned finds Defendant's assertion to be incomplete. Review of Mr. Kirby's opinion shows that his full statement was: "[a]lthough no problems with attention and or concentration were observed during the course of this evaluation, Mr. Webb is reported to exhibit difficulties in these areas that cause him problems in other settings." (Tr. 548). Mr. Kirby had also opined that "Mr. Webb is reported to exhibit **problems with concentration and pacing that result in his frequent**

**failure to complete tasks in a timely manner**, though no such problems are indicated with his

persistence along these lines." (Tr. 545) (emphasis added).

Despite evidence that Plaintiff has significant difficulties with concentration and pacing,

that was acknowledged by the ALJ but not explained, Defendant concludes that there is no error

here because Plaintiff can perform unskilled work. (Document No. 14, p.7). The undersigned

respectfully disagrees.

As argued by Plaintiff, the limitation to "simple, routine tasks," without more explanation,

is not adequate in this case. See (Tr. 43). The undersigned finds that the Mascio holding is directly

on point:

> we agree with other circuits that an ALJ does not account 'for a
> claimant's limitations in concentration, persistence, and pace by
> restricting the hypothetical question to simple, routine tasks or
> unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176,
> 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth
> Circuits). As Mascio points out, the ability to perform simple tasks
> differs from the ability to stay on task. Only the latter limitation
> would account for a claimant's limitation in concentration,
> persistence, or pace.

Mascio, 780 F.3d at 638.

The undersigned observes that in concluding that Plaintiff has moderate difficulties in

concentration, persistence and pace, the ALJ specifically noted Plaintiff's: "history of learning

difficulties," an "extremely low range of cognitive ability," and "difficulties with concentration

and 'pacing' which results in frequent failure to complete tasks in a timely manner." (Tr. 42)

(citing Tr. 544-546). In doing so, the ALJ relied on the opinion of Mr. Kirby, which he described

as follows: "[i]n terms of his mental limitations, I give significant weight to the opinions of Mr.

Kirby." (Tr. 46). Despite noting Mr. Kirby's opinion and giving it significant weight, the ALJ

failed to address in the RFC, or elsewhere, Plaintiff's difficulties with concentration and pacing.

In addition, the undersigned observes that review of the DOT descriptions of the jobs identified by the VE indicates that at least two of those jobs involve a "production pace" and "detailed instructions," and one job requires medium, rather than light work. See 1991 WL 685581; 1991 WL 680374; and 1991 WL 674513. As such, it is unclear that the VE's testimony was actually consistent with the DOT as stated by the ALJ, or that the jobs identified by the VE and ALJ are consistent with Plaintiff's abilities. See (Tr. 47).

In short, the undersigned finds Plaintiff's first argument to be compelling. (Document No. 12).[4] The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review. Like Mascio, "because the ALJ here gave no explanation, a remand is in order." Mascio, 780 F.3d at 638. While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); and Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017). This error alone provides sufficient cause to remand.

---

[4] The undersigned observes that Plaintiff's argument pursuant to Mascio is increasingly familiar to the Court, and consistently results in remand. The undersigned respectfully encourages counsel for both sides to confer regarding similar litigation to discuss the possibility of consent remands that may reduce further delay and expense in such cases.

## IV.    CONCLUSION

The undersigned is not persuaded that substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated and this matter be remanded for full consideration of the entire record and all of Plaintiff's alleged errors.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment…" (Document No. 11) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; and the Commissioner's determination be **VACATED** and that this matter be **REMANDED** for further consideration.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: April 27, 2017

David C. Keesler
United States Magistrate Judge